UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:21-cr-00136-LEW |
| JEFFREY STREET, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS**

Defendant, Jeffrey Street, stands charged with Making a False Statement to the Government in violation of 18 U.S.C. § 1001. Defendant argues that prosecution is barred by the five-year limitation period applicable to non-capital offenses. Def's Mot. 4 (ECF No. 16) (citing 18 U.S.C. § 3282(a)). The government agrees that the five-year limitation period applies to this case and agrees that more than five years have passed since the alleged criminal activity occurred. *See* Gov't's Opp'n 1 n.1 (ECF No. 21). The only matter of disagreement between the parties is whether the Fifth Extension of Limited Waiver of Statute of Limitations ("Fifth Extension"), signed by Defendant on July 21, 2021, remained in effect when the government filed the Information against Defendant on August 20, 2021.

According to the Information, on January 21, 2016, Defendant made a series of false statements to government officials in the course of an investigation into a contract between Defendant's landscaping company and the federal government. Over the next five years, the government engaged in an on-again, off-again investigation of Defendant and his wife,

Andrea Street, in connection with these alleged false claims.[1] Towards the end of that period, Defendant, Andrea Street, and the government entered into discussions regarding a potential plea bargain. With the end of the limitations period swiftly approaching—and believing that it was in their best interest to continue negotiations rather than forcing the government to bring charges immediately—Defendant and Andrea Street executed a Limited Waiver of the Statute of Limitations ("Waiver Agreement") waiving the statute of limitations for a period of about two months. As the negotiations stretched out, Defendant and Andrea Street proceeded to execute five extensions of the Waiver Agreement, each purporting to waive the statutory limitations period for an additional month.

At issue here is the fifth and final such extension, which Defendant, Andrea Street, and the government intended would waive the statute of limitations until August 31, 2021. Due to a drafting error, the Fifth Extension only waived the limitations period through July 31, 2021, the date that the waiver was already set to expire under a previous extension of the Waiver Agreement. Defendant and Andrea Street executed the Fifth Extension on July 21, 2021. Defense counsel provided the Fifth Extension to the government on July 23, 2021, stating in the accompanying email that the Fifth Extension would be "effective through August 31, 2021." Def's Mot. Ex. 3 (ECF No. 16-3).  On August 9, 2021—seventeen days after the government received the Fifth Extension, and nine days after the previous extension of the limitations period had expired—the government informed defense counsel of the drafting error in the Fifth Extension and asked for a "corrected

---

[1] Andrea Street plead guilty on August 26, 2021, to charges arising from the false claims investigation.

copy." Def's Mot. Ex. 4 (ECF No. 16-4). Even though Defendant's counsel now concede that they were authorized and intended to extend the Waiver Agreement to August 31, 2021, no such corrected copy was executed.

The government filed the Information against Defendant on August 20, 2021—within the period that the parties intended the Fifth Extension to cover, but after the expiration date contained in the Fifth Extension. Defendant moved to dismiss, arguing that the statute of limitations had run.

To determine whether the Fifth Extension remained in effect on August 20, 2021, the appeals court has suggested without deciding that I may look to "principles of contract or estoppel." *United States v. Spector*, 55 F.3d 22, 25 (1st Cir. 1995) (assuming, without deciding, that contract law applies to statute of limitation waivers). *See also United States v. Richards*, 925 F. Supp. 1097, 1101 (D.N.J. 1996) (applying contract law to statute of limitations waiver). In federal question cases—including criminal cases such as this one—I apply federal choice of law principles, *Bhd. of Locomotive Engineers v. Springfield Terminal Ry. Co.*, 210 F.3d 18, 26 (1st Cir. 2000), under which I look to the law of the state with the "most significant relationship to the transaction and the parties," *Stauffer v. Internal Revenue Serv.*, 2018 WL 5092885, at *6 (D. Mass. Sept. 29, 2018) (quoting Restatement (Second) of Conflict of Laws § 188 (1971)), *aff'd*, 939 F.3d 1 (1st Cir. 2019). As the Fifth Extension was signed and was to be performed in Maine, Maine contract law provides a suitable guide for this journey. *See State Farm Mut. Auto. Ins. Co. v. Koshy*, 995 A.2d 651, 666 (Me. 2010) (quoting Restatement (Second) of Conflict of Laws § 188 (1971)).

The government "bears the burden of establishing compliance with the statute of limitations," *Musacchio v. United States*, 577 U.S. 237, 248 (2016), meaning, in this case, that the government must establish that principles of contract or estoppel bound the Defendant to the Fifth Extension on August 20, 2021, the date that the Information was filed.

Defendant's express intention to waive the statute of limitations through August 31, 2021, is enforceable under a promissory estoppel theory. Maine applies the doctrine of promissory estoppel articulated in the Restatement (Second) of Contracts, under which a promise will be enforced if "the promisor should reasonably expect [it] to induce action or forbearance," the promise "does induce such action or forbearance," and "injustice can be avoided only by enforcement of the promise." *Chapman v. Bomann*, 381 A.2d 1123, 1127 (Me. 1978) (quoting Restatement (Second) of Contracts, § 90). Defendant, through counsel, represented to the government that the Fifth Extension was "effective through August 31," Def.'s Mot. Ex. 3 (ECF No. 16-3), which had the intended effect of inducing the government to forego filing the Information before July 31, 2021.

Enforcing Defendant's intention to waive the statute of limitations through August 31 is also necessary to avoid injustice. Defendant stands accused of lying to the United States government in the course of a government investigation. To permit Defendant to evade prosecution due to a typo made by his own attorneys would undermine the orderly functioning of the justice system. Although it is a precarious business to predict the outskirts of the imaginings of the appeals court, I doubt *Spector* was designed as epistemological handcuffs from which lawyers, acting in good faith, are helpless to escape

4

an innocent mistake made in ongoing negotiations. The government's failure to review the Fifth Extension—at any point in the eight days between when Defendant signed the Fifth Extension and when the existing limitations waiver was set to expire—may have been unreasonable. On the other hand, it may have been reasonable, considering how ministerial the waiver exercise had become by its fifth generation, along with Defense counsel's explicit statement, then and now, that Defendant intended at all times to agree to the later date. I do not dwell on the point because while "the reasonableness of the promisee's reliance" is one factor for determining whether enforcement of a promise is "necessary to avoid injustice," a lack of reasonableness is not dispositive and may be outweighed by countervailing policy concerns. *See* Restatement (Second) of Contracts, § 90, cmt. b. The policy interests in ensuring the intellectually-honest application of the criminal process, disincentivizing reindeer games among members of the bar, and ensuring the type of principled yet practical advocacy for which counsel of record all are known, lead me to conclude that Defendant be held to his promise to waive the statute of limitations through August 31, 2021.

Defendant's Motion to Dismiss is DENIED.

**SO ORDERED.**

Dated this 17th day of November, 2021.

                                            /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE